IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TRIJIDIA ESTRADA LOMELI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **8:05CV117** |
| vs. ) | |
| ) | **REPORT AND** |
| **AMERICAN FAMILY INSURANCE** ) | **RECOMMENDATION** |
| **GROUP, AMERICAN FAMILY** ) | |
| **INSURANCE COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the magistrate judge for full pretrial supervision.

The parties were originally ordered to provide a Rule 26(f) planning report by August 23, 2005. No report was filed. Consequently, on September 12, 2005, this court entered an Order to Show Cause (#11) directing the parties to file their Rule 26(f) planning report by the close of business on September 19, 2005, or show cause by written affidavit why they could not comply with the court's deadline. There was no relevant response to the September 12 order. Rather, plaintiff's attorney filed a motion to "opt out" of CM/ECF. That motion was denied.

On October 5, 2005, I entered an Order to Show Cause (#15) directing the parties to file their Rule 26(f) planning report before the close of business on October 14, 2005. Plaintiff's attorney Timothy L. Ashford, was responsible for scheduling the Rule 26(f) conference with opposing counsel. The parties were specifically advised that "[i]f a planning report is not timely filed, i.e., before the close of business on Friday, October 14, 2005, I shall recommend to the district court that this case be dismissed for failure to prosecute."

American Family's response (#16) to the Order to Show Cause advised that on September 19, 2005, counsel had transmitted the defendant's information for inclusion in a planning report to plaintiff's attorney. Defense counsel also e-mailed Mr. Ashford, advising that the planning report materials were being faxed to him. The response indicated that American Family would file an individual planning report if defense counsel had not received a completed planning report from the plaintiff by October 14.

On October 14, 2005, American Family filed an individual planning report (#17) in compliance with the October 5 Order to Show Cause. The plaintiff has not responded to any

of the court's scheduling orders and has not taken any action (apart from serving American Family) to progress this case to trial. This matter is not being prosecuted with reasonable diligence, and it appears that plaintiff has abandoned the case.

For these reasons,

**IT IS RECOMMENDED** that this case be dismissed without prejudice pursuant to NECivR 41.1[1] for failure to prosecute, and that plaintiff be ordered to bear all costs of this action.

Pursuant to NECivR 72.3, a party may object to a this Report and Recommendation by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.

**DATED October 19, 2005.**

                            **BY THE COURT:**

                            **s/ F.A. Gossett**
                            **United States Magistrate Judge**

---

[1] NECiv R 41.1 provides:

**Dismissal of Actions.** If a case which has been at issue for one (1) year or more and in which for a period of one (1) year no advancement has been made in the pleadings or in its preparation for trial, the court may order the case to trial forthwith or dismiss it unless good cause is shown for some other disposition. The court may at any time dismiss an action for lack of prosecution when it appears it is not being prosecuted with reasonable diligence.