# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRIJIDIA ESTRADA LOMELI, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | 8:05CV117 |
| vs. ) | |
| ) | ORDER |
| AMERICAN FAMILY INSURANCE ) | |
| GROUP, et al., ) | |
| ) | |
| **Defendants.** ) | |

Plaintiff has filed a Motion for Reconsideration (#19) regarding my recommendation (#18) that this case be dismissed without prejudice for failure to prosecute. The recommendation was made based on numerous instances of the plaintiff ignoring the scheduling and case management orders entered by the court.[1]

The Motion for Reconsideration itself is devoted largely to complaining of counsel's problems in using the CM/ECF System in conjunction with his AOL software. That issue has been resolved against plaintiff's attorney, *see* Order No. 14, and plaintiff did not appeal the order denying counsel's motion for permission to "opt out" of CM/ECF. Plaintiff's attorney has been aware, since at least February 11, 2005[2] that he would be required to use the CM/ECF System. Plaintiff's attorney is well aware[3] that he will not be exempted from following the local rules of this court, or from following the Federal Rules of Civil Procedure, as is essentially requested in the Motion for Reconsideration. To do so would be

---

[1] In that regard, I note that plaintiff managed to respond to the unfavorable Report and Recommendation within one business day, yet, since being served with the court's scheduling packet on July 19, 2005, has completely failed to participate in any Rule 26(f) conference so that the case can be progressed on the docket.

[2] *See United States v. Rainier*, Case No. 8:04CR00274, Order #67 filed Feb. 11, 2005, requiring Timothy Ashford to make a good faith effort to complete a CM/ECF training session, or the equivalent thereof, before April 30, 2005.

[3] *See, e.g., United States v. Thomas*, 8:05CR295, Order #19 filed Sept. 23, 2005 denying counsel's motion to "opt out"; *Coleman v. Stokey*, 8:04CV97, Order #49 filed Sept. 26, 2005 directing Timothy Ashford to show cause by written affidavit why he cannot comply with NECivR 5.1.; *Chism v. Septemberfest*, 8:05CV124, Order #52 filed Sept. 26, 2005 denying counsel's motion to "opt out"; *Holmes v. City of Omaha*, 8:05CV369, *Holmes v. City of Omaha*, Order #18 filed Sept. 26, 2005 denying motion to "opt out."

manifestly unfair to opposing counsel and the hundreds of attorneys in this district (including many solo practitioners) who use the CM/ECF System on a regular basis without incident. There is no good reason why the court and opposing counsel should bear the expense and inconvenience caused by counsel's failure to correct these deficiencies.

Turning to the merits of the immediate issue, there has been no constructive activity in this case since the plaintiff served summons on the defendant last July.  The plaintiff has ignored every communication or order from this court (except, of course, the recommendation that the case be dismissed without prejudice).  There is no indication that plaintiff's attorney has ever contacted defense counsel to finalize a Rule 26(f) planning report.  Based on the contents of the Motion for Reconsideration,  I am not convinced that the plaintiff intends to prosecute this case in a timely manner.  I therefore decline to withdraw my recommendation that this case be dismissed without prejudice at plaintiff's cost for failure to prosecute.

**IT IS ORDERED**:

1. The Motion for Reconsideration (#19) is denied.

2.  Pursuant to NECivR 72.3, a party may object to this Report and Recommendation by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten (10) days after being served with the recommendation. The statement of objection shall specify those portions of the recommendation to which the party objects and the basis of the objection. The objecting party shall file contemporaneously with the statement of objection a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.

**DATED October 21, 2005.**

                                          **BY THE COURT:**

                                          **s/ F.A. Gossett**
                                          **United States Magistrate Judge**